UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOKIO MARINE KILN SYNDICATE 1880 AS SUBROGEE OF CEMUS LLC AND KOSTMAYER CONSTRUCTION LLC | * | CIVIL ACTION NO. |
| | * | SECTION " " ( ) |
| VERSUS | * | |
| | * | JUDGE |
| STEEL CITY MARINE TRANSPORT, INC., *in personam*, AND M/V GREGORY DAVID AND HER TACKLE, EQUIPMENT AND APPURTENANCES, *in rem* | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**VERIFIED COMPLAINT AGAINST STEEL CITY MARINE, INC., *IN PERSONAM*, AND THE M/V GREGORY DAVID, *IN REM***

Plaintiffs, Kostmayer Construction, LLC ("Kostmayer") and Tokio Marine Kiln Syndicate 1880 ("Tokio Marine"), as the insurer and subrogee of Kostmayer and CEMUS L.L.C, for their complaint against Defendants, Steel City Marine Transport, Inc. ("Steel City"), *in personam*, and the towboat M/V GREGORY DAVID (Official No. 552069) and her tackle, equipment and appurtenances, *in rem*, represent as follows:

1.

Steel City, a corporation with a principal place of business in the State of Pennsylvania, is a tug/tow transportation company which, at all material times, was the owner and/or operator of the M/V GREGORY DAVID and at all material times was doing and continues to do business in the State of Louisiana and within the jurisdiction of this Honorable Court.

2.

The M/V GREGORY DAVID, *in rem*, is a twin screw towboat vessel approximately 140 feet in length and 42 feet in width, bearing Official No. 552069, and is or will be during the

pendency of this action, located in this judicial district over which this Court has *in rem* jurisdiction.

3.

The case presents an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

4.

At all material times, Kostmayer was the general contractor of a construction project involving the fabrication and installation of fenders/dolphins at the CEMUS L.L.C. deep water facility in the vicinity of mile marker 234 of the Mississippi River.

5.

At all material times, Tokio Marine provided builder's risk coverage under an all risk policy of insurance ("the Policy") to Kostmayer, the insured. The Policy provided coverage for a construction project involving the fabrication and installation of fenders/dolphins at the CEMUS deep water facility. At all material times, the Policy provided coverage for "all risks of direct physical loss or damage to insured property" up to $6,400,000 and was subject to a $100,000 deductible per occurrence. At all material times, CEMUS was an additional insured under the Policy.

6.

This case involves direct and consequential damages arising from a June 27 or 28, 2016, incident in which the 25 barge tow of the M/V GREGORY DAVID, a vessel operated by Steel City Marine struck deck barge MCD 320 ("the barge"), which was owned by CEMUS, which was moored to a floating drift deflector. The impact pushed the barge into the structure causing

damage to the drift deflector and tripod battered piles, which formed part of Kostmayer's construction project. Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and the Federal Maritime Lien Act, 46 U.S.C. § 31342. Further, this Court has personal jurisdiction over the defendants based on the defendants' tortious acts and omissions in the Middle District of Louisiana causing loss and damages to Plaintiffs as described herein.

7.

Repair costs related to this accident are estimated to exceed $830,000.

8.

Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claims stated herein occurred within this district and jurisdiction of this Court.

9.

The M/V GREGORY DAVID's allision with the aforementioned barge and the resulting damages were in no way attributable to any fault, negligence or want of care on the part of Plaintiffs, but rather was the result of and caused by the fault, negligence and want of care of the M/V GREGORY DAVID and/or its owners, operators, managers, charterers and/or agents, all presumed under maritime law, in the following respects:

1. By failing to maintain the vessel is a seaworthy condition;
2. By failing to maintain proper control of the vessel;
3. By failing to maintain and monitor the vessel's position;
4. By failing to ensure that the vessel would not lose steerage or power during her voyage;

5. By failing to use due care under the circumstances, both before and after the vessel lost steerage;

6. By failing to take appropriate corrective actions to avoid the allision;

7. By violating Inland Navigation Rule 5 for failing to maintain a proper lookout;

8. By violating Inland Navigation Rule 6 for failing to maintain a safe speed such that a collision/allision could not be avoided;

9. By violating Inland Navigation Rule 7 for failing to use all means available to determine if a risk of collision/allision exists;

10. By violating Inland Navigation Rule 8 for failing to take appropriate action to avoid collision/allision; and,

11. Any and all acts of negligence, fault, statutory violations and/or lack of due care, whether presumed or otherwise, to be proven at trial.

10.

Against all defendants, Plaintiffs specifically plead the presumption of negligence and fault otherwise known as the Rule of *THE OREGON* and presumption of causation otherwise known as the Rule of *THE PENNSYLVANIA*.

11.

Plaintiffs have suffered and will suffer extensive pecuniary and non-pecuniary damages as a result of the allision, as well as increased expenses in its effort to mitigate those damages, including the salvage and repair of the drift deflector and related equipment, the repair of the barge, survey expenses, contractor expenses, vessel expenses, employee expenses, business interruption, and other damages, estimated currently to exceed $1,000,000.00, for which the defendants as well as their owners, operators, charterers and insurers are liable *in solido*.

12.

Plaintiffs claim a maritime lien against the M/V GREGORY DAVID for all attendant damages directly or indirectly attributable to the collision described above.

WHEREFORE, Plaintiffs, pray:

1. That process *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure issue a writ of arrest against the M/V GREGORY DAVID and that all persons claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid; and that the vessel so seized, be condemned, and sold to satisfy the judgment rendered herein.

3. That this Court award Plaintiffs interest, costs and attorney's fees associated with this Complaint;

4. Plaintiffs reserve the right to amend this complaint to include any additional *in personam*, *in rem*, Rule B or *quasi in rem* claims as may become available after further investigation and/or discovery;

5. That the Court grant such other and further relief as may be just in the circumstances.

Filed on June 5, 2017.

Respectfully submitted:

**PREIS PLC**

*/s/ Joseph B. Marino, III*
LEAH N. ENGELHARDT (#23232)
ADELAIDA J. FERCHMIN (#29859)
JOSEPH B. MARINO, III (#29966)
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Tel.: (504) 581-6062
Fax: (504) 522-9129
E-mail: lengelhardt@preisplc.com
aferchmin@preisplc.com
jmarino@preisplc.com

**COUNSEL FOR TOKIO MARINE KILN SYNDICATE 1880**

AND

**LAW OFFICE OF**
**CARY A. DES ROCHES**
Cary A. Des Roches (LA Bar No. 19550),
225 Phosphor Avenue
Metairie, LA 70005
Phone: (504) 588-1288
Facsimile: (504) 588-9750
cdr@desrocheslaw.com

**COUNSEL FOR KOSTMAYER CONSTRUCTION LLC**